PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline.
On June 30, 1975, the Ninth Judicial Circuit Grievance Committee “A” filed its complaint with The Florida Bar. The Complaint reads as follows:
“1. The Respondent, E. Jackson Haasze, is and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
“2. This Complaint is filed by The Florida Bar, by direction of its Board of Governors, and all conditions prerequisite to the filing of said Complaint, required by the Integration Rule, have been fulfilled.
“3. On or about March 24,1973, Respondent filed suit on a promissory note in the name of John H. Griffis, plaintiff, versus Bryce W. Oliver and Betty W. Oliver, defendants, in county court, Orange County, Florida, Case No. S0731336. Respondent acted as plaintiff’s attorney in this suit at all times herein material.
“4. On or about May 28, 1973, Betty W. Oliver, codefendant in the above mentioned suit, counterclaimed against John H. Griffis and cross-claimed against Bryce W. Oliver, codefendant. Respondent represented Griffis in defending against the counterclaim.
“5. Before, during, and after the aforementioned suit and counterclaim, Respondent had little or no contact with John H. Griffis, alleged client of Respondent.
“6. . During the pendency of this aforementioned legal action, Respondent had several conferences with Bryce W. Oliver, whom he was suing.
“7. Respondent's fee for representing John H. Griffis in the counterclaim was $500, paid by Bryce C. Oliver, pursuant to agreement made prior to trial of the main suit and counterclaim.
“8. At no time during the pendency of the case did Respondent’s alleged client, John H. Griffis, enter into an agreement for nor directly pay attorneys’ fees to Respondent.
“9. During the pendency of the case Respondent became aware, should have known or it was obvious, that John H. Griffis was merely a nominal plaintiff, and that the suit was instigated by Bryce C. Oliver, codefendant, for the purpose of harassing and/or maliciously injuring Betty W. Oliver.
“10. Respondent continued to prosecute the claim on the promissory note until final judgment was entered, a copy of which is attached hereto, even though he knew or it was obvious that the suit was brought for the purpose of harassing and/or maliciously injuring Betty W. Oliver.
*77 “11. By reason of the foregoing conduct, Respondent has violated Rule 11.02(3)(a) of the Integration Rule, and Disciplinary Rules 2-110(B)(l) and 7-102(A)(l) of the Code of Professional Responsibility.”
The Petition for Approval of Conditional Guilty Plea is granted, and respondent, E. Jackson Haasze, is hereby disciplined by public reprimand to be published in the Southern Reporter based upon the facts set forth above. The publication of this Opinion shall serve as the public reprimand to Respondent.
Costs in the amount of Five Hundred Thirty-Four Dollars and Fifty-Five Cents ($534.55) are hereby taxed against Respondent.
IT IS SO ORDERED.
OVERTON, C. J., and ROBERTS, ADKINS, BOYD and ENGLAND, JJ., concur.